**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CARMEN ORTIZ TORRES,**

      **Plaintiff,**

**v.**                                                  **Case No. 8:25-cv-2588-AAS**

**FRANK BISIGNANO,**
**COMMISSIONER OF THE**
**SOCIAL SECURITY ADMINISTRATION,**

      **Defendant.**

_____/

## ORDER

Plaintiff Carmen Ortiz Torres requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for Supplemental Security Income (SSI) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including the transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, the parties' memoranda, and the supplemental medical records, the Commissioner's decision is **AFFIRMED**.

## I.  PROCEDURAL HISTORY

In a determination dated July 19, 2011, Ms. Torres was found to be entitled to SSI benefits beginning on November 2, 2010. (Tr. 222). The agency

initiated a continuing disability review, and in October 2016, the Commissioner advised Ms. Torres that she had been found no longer disabled as of October 1, 2016. (Tr. 238–44). Ms. Torres appealed the decision, and, on reconsideration, Ms. Torres was again found not disabled in January 2018. (Tr. 265–84). Ms. Torres then requested a hearing before an ALJ. (Tr. 285–86). An ALJ held a hearing on June 3, 2019, and on June 26, 2019, issued a decision finding Ms. Torres's disability ended on October 1, 2016 (the ALJ's 2019 Decision). (Tr. 170–94). Ms. Torres appealed the benefits denial to the United States District Court, and, on March 23, 2022, the court affirmed the ALJ's decision. (Tr. 1528–45). Ms. Torres appealed the decision to the Court of Appeals for the Eleventh Circuit. (Tr. 1526–27). The Eleventh Circuit remanded the action to the Commissioner. (Tr. 1516–25).

On February 10, 2024, the Appeals Council vacated the ALJ's 2019 Decision and remanded the case to an ALJ. (Tr. 1505–12). The Appeals Council noted that on July 10, 2020, Ms. Torres filed a subsequent SSI application and was found disabled by an ALJ in a decision dated November 19, 2021 (the ALJ's 2021 Decision). (Tr. 1585–1600). The Appeals Council instructed that, on remand, the period before the ALJ would be limited to the period before July 10, 2020. (Tr. 1510).

2

An ALJ held a hearing on August 15, 2024, and issued a decision on October 4, 2024, finding Ms. Torres's disability ended on October 1, 2016, and Ms. Torres did not become disabled again at any time through July 9, 2020. (the ALJ's 2024 Decision). (Tr. 1446–1500). On October 16, 2024, Ms. Torres submitted written exceptions to the Appeals Council. (Tr. 1700–02). On July 23, 2025, the Appeals Council declined to assume jurisdiction. (Tr. 1432–38).

## II.    THE ALJ'S 2024 DECISION

When determining whether an individual is disabled,[1] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §416.920; *see also Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); *Phillips v. Barnhart*, 357 F.3d 1232, 1237

---

[1] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

(11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The most recent favorable medical decision finding that Ms. Torres was disabled is the determination dated July 19, 2011, known as the comparison point decision (CPD). (Tr. 1454). At the time of the CPD, Ms. Torres had these medically determinable impairments: affective disorder and anxiety disorder. (*Id.*). The ALJ found that the medical evidence establishes that from October 1, 2016, through July 9, 2020, Ms. Torres had these medically determinable impairments: Fibromyalgia; asthma; depressive and bipolar disorder; anxiety disorder; and post-traumatic stress disorder. (*Id.*). These are Ms. Torres's current impairments during the period from October 1, 2016, through Jul 9, 2020. (*Id.*). From October 1, 2016, through July 9, 2020, Ms. Torres did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*).

The ALJ found medical improvement occurred on October 1, 2016. (Tr. 1457). The medical improvement is related to the ability to work because, from October 1, 2016, through July 9, 2020, Ms. Torres's CPD impairments no

4

longer met or medically equaled the same listing(s) that were met at the time of the CPD. (Tr. 1458).

From October 1, 2016, through July 9, 2020, Ms. Torres continued to have a severe impairment or combination of impairments. (Tr. 1459). From October 1, 2016, through July 9, 2020, Ms. Torres had the residual functional capacity (RFC) to:

> lift and/or carry twenty pounds occasionally and ten pounds frequently; sit for six hours in an eight-hour workday; and stand and/or walk for six hours in an eight-hour workday. [Ms. Torres] was able to frequently climb ramps and stairs, never climb ladders, ropes, or scaffolds, and must have avoided concentrated exposure to humidity, wetness, dust, fumes, pulmonary irritants, extreme heat, extreme cold, and working in and around vibration. [Ms. Torres] could never work at unprotected heights or with moving mechanical parts. [Ms. Torres] had to avoid hazards in the workplace such as heights and heavy moving machinery.

(*Id.*).

Ms. Torres has limited education and no past relevant work. (Tr. 1464). From October 1, 2016, through July 9, 2020, the ALJ concluded, based on Ms. Torres's age, education, work experience, and RFC, that Ms. Torres could perform a significant number of jobs in the national economy. (*Id.*). Specifically, Ms. Torres can perform work as a cleaner, housekeeper, routing clerk, and marker. (*Id.*). Thus, the ALJ determined Ms. Torres's disability ended on October 1, 2016, and she did not become disabled again through July

5

9, 2020. (Tr. 1465).

## III.  ANALYSIS

### A.    Standard of Review

This court typically reviews the Commissioner's final decision as to disability under 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); s*ee also Biestek v. Berryhill*, 587 U.S. 97, 103 (2019); *Samuels v. Acting Comm'r of Soc. Sec.*, 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation

6

omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004) (per curiam).

When a claimant requests remand under sentence six of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), different standards apply. They are discussed below.

### B.    Issue on Appeal

Ms. Torres argues the action should be remanded under sentence six of 42 U.S.C. § 405(g) and § 1383(c)(3) for consideration of two types of new evidence: (1) a consultative psychological evaluation of August 17, 2021 conducted by Sally Stader, Ph.D. (Doc. 17-1, pp. 1–9); and (2) and the Disability Determination Explanation of October 8, 2020. (Doc. 17-2, pp. 1–20). (Doc. 17). In response, the Commissioner argues Ms. Torres has not met any of the required prongs for the evidence to justify a sentence six remand. (Doc. 20).

Under sentence six of 42 U.S.C. § 405(g) and § 1383(c)(3), "[t]he court . . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to

7

incorporate such evidence into the record in a prior proceeding . . . ." "[A] sentence six remand is available when evidence not presented to the Commissioner at any stage of the administrative process requires further review." *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1267 (11th Cir. 2007).

If a claimant makes "a sufficient showing" to remand a case under sentence six of 42 U.S.C. § 405(g), additional medical evidence can be considered on remand. *Id.* at 1268 (quotation and citation omitted). To meet the showing required to obtain a sentence six remand, "the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is material, that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result[;] and (3) there is good cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986) (quotation and citation omitted); *see also, e.g.*, *Hunter v. Soc. Sec. Admin, Comm'r*, 808 F.3d 818, 821 (11th Cir. 2015); *Ingram*, 496 F.3d at 1269; *Cherry v. Heckler*, 760 F.2d 1186, 1192 (11th Cir. 1985). Ms. Torres must show that her evidence is new, material, and that there is good cause for failing to incorporate the evidence in the record in the administrative proceeding.

Evidence is considered new if it was not in existence or available to the

8

claimant at the time of the administrative proceeding. *Jones v. Comm'r of Soc. Sec. Admin.*, 497 F. App'x 888, 892 (11th Cir. 2012). New evidence is non-cumulative when there is no similar evidence in the administrative record. *Reynolds v. Comm'r of Soc. Sec.*, 457 F. App'x 850, 853 (11th Cir. 2012) (citing *Cannon v. Bowen*, 858 F.2d 1541, 1546 (11th Cir. 1988)).

The evidence provided by Ms. Torres is dated October 8, 2020, and August 17, 2021. (*See* Docs. 17-1, 17-2). The administrative hearing at issue occurred on August 15, 2024, and the ALJ's decision was issued on October 4, 2024. (Tr. 1446–500). Ms. Torres's claim file for her subsequent claim included both pieces of evidence. (Doc. 17, pp. 5–7). The evidence existed before the administrative proceedings at issue and was also available to the plaintiff. Thus, the evidence is not new.

Evidence is material if "a reasonable possibility" exists that it would change the administrative outcome. *Caulder*, 791 F.2d at 877. Evidence is considered irrelevant and immaterial when it relates to a time period following the eligibility determination at issue. *Gordon v. SSA*, 625 F. App'x 512, 515 (11th Cir. 2015) (citing *Wilson v. Apfel*, 179 F.3d 1276, 1279–79 (11th Cir. 1999)). "Evidence of deterioration of a previously-considered condition may subsequently entitle a claimant to benefits from a new application, but it is not

9

probative of whether a person is disabled during the specific period under review." *Enix v. Comm'r of Soc. Sec.*, 461 F. App'x 861, 863 (11th Cir. 2012) (citing *Wilson*, 179 F.3d at 1279).

The relevant eligibility period is October 1, 2016, through July 9, 2020. (Tr. 1446–500). Both documents submitted by Ms. Torres are dated after that period, specifically October 8, 2020, and August 17, 2021. (*See* Docs. 17-1, 17-2). Ms. Torres argues that her August 17, 2021, psychological evaluation is nonetheless material under the exception presented in *Hodges v. Barnhart,* 276 F.3d 1265, 1268 (11th Cir. 2001). The court in *Hodges* held that there is a rebuttable presumption that an adult's IQ score is consistent throughout adulthood. *Id.*

The August 17, 2021, psychological evidence includes results from the Wechsler Memory Scale, which Ms. Torres argues is an IQ test. (Doc. 17, p. 5). The results indicate a memory assessment mostly in the borderline range. (Doc. 17-1, pp. 5–6). Ms. Torres argues this evidence should be applied retroactively to the relevant eligibility period of October 1, 2016, to July 9, 2020.

Even assuming the *Hodges* exception applies, Ms. Torres fails to show that the evidence creates a reasonable possibility of changing the ALJ's

10

decision. The administrative record already contained a TONI-III IQ test administered in September 2010, when Ms. Torres was an adult. (Tr. 685). The test yielded a score of 68, reflecting cognitive functioning in the "mildly mentally retarded range." (*Id.*). The examiner also noted that the plaintiff exhibited limited memory and difficulty understanding information. (*Id.*). This evidence was before the ALJ and expressly considered in the October 4, 2024 decision. (Doc. 10, p. 6). The August 17, 2021 evaluation is cumulative of evidence already before the ALJ. Thus, Ms. Torres fails to demonstrate a reasonable possibility that, had the ALJ reviewed the additional evidence, the administrative outcome would have changed.

Even assuming arguendo that Ms. Torres' evidence is new and material, she failed to show good cause for not obtaining and submitting it at the administrative level. *See Milano v. Bowen*, 809 F.2d 763, 767 (11th Cir. 1987) (The good cause requirement was meant to "prevent claimants from attempting to withhold evidence" or "to avoid the danger of encouraging claimants to seek after-acquired evidence, and then use such evidence as an unsanctioned backdoor means of appeal."). Good cause is satisfied when the evidence did not exist at the time of the administrative proceedings. *Caulder*, 791 F.2d at 878. Good cause is not established when the claimant could have

11

obtained the evidence earlier. *Arnold v. SSA*, 724 F. App'x 772, 782 (2018).

Ms. Torres does not explain why she failed to submit the evidence during the administrative proceedings. Indeed, the evidence existed years before the 2024 hearing and decision. (Tr. 1446–1500). Ms. Torres even acknowledges that both records were included in the claim file associated with her subsequent application. (Doc. 17, pp. 5–7). Therefore, Ms. Torres fails to establish good cause for failing to submit the evidence during the administrative proceeding at issue.

For the above reasons, the evidence submitted by Ms. Torres fails to establish the required prongs to warrant a remand under sentence six of 42 U.S.C. § 405(g).

## IV.  CONCLUSION

For the reasons stated, the Commissioner's decision is **AFFIRMED**, and the Clerk is directed to enter judgment for the Commissioner and close the file.

**ORDERED** in Tampa, Florida, on June 30, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

12